## AMERICAN NATIONAL INSURANCE CO. v. RICHARDSON.

No. 26339.    Feb. 2, 1937.

Mullen & Brett, for plaintiff in error.

W. A. Blakeburn, for defendant in error.

CORN, J.   This action was originally brought in the justice of the peace court, Oklahoma county, wherein the defendant in error was plaintiff and the plaintiff in error was the defendant. For convenience we shall refer to the parties as they appeared in the lower court, Partain O. Richardson, as the plaintiff, and the American National Insurance Company, a corporation, as the defendant.

This action was brought by the plaintiff filing a bill of particulars wherein he sought to obtain judgment against the defendant in the sum of $196 with interest thereon at 6 per cent. from the 1st day of March, 1932, until paid. In his bill of particulars the plaintiff alleges that he was the insured in an insurance policy written by the defendant upon his life with his wife named as the beneficiary, whom he alleged to be incompetent; and the defendant, with intent to defraud the plaintiff out of his insurance protection, wrongfully canceled said policy in that it, without his knowledge and consent, canceled said policy for its cash surrender value, which said sum was paid to the plaintiff's wife.

As grounds for the said charge of fraud in the cancellation, the plaintiff said that prior to said date, by reason of an accidental injury, he had become an undesirable insurance risk, and that these facts were known to the defendant, which desired

to be relieved of the liability. That immediately upon ascertaining the wrongful and fraudulent cancellation of the said contract and breach thereof, he offered to pay the premiums, which the defendant refused to accept. That by reason of the wrongful and fraudulent cancellation of the policy of insurance and refusal of defendant to accept the premiums, and to reinstate the said policy, the plaintiff said he had been damaged by the wrongful breach thereof and was entitled to recovery as damage therefor in the sum of $196 with interest.

To this bill of particulars the defendant filed an answer where, in addition to some admissions and a general denial, it alleged that the policy had lapsed as to the plaintiff by reason of his failure to pay premiums as provided in the insurance contract. It further pleaded as a defense that the action upon which the plaintiff sought to recover was barred by the statute of limitations.

From a judgment in favor of the defendant, plaintiff perfected his appeal to the court of common pleas of Oklahoma county, wherein the cause was tried and a verdict therein returned for the plaintiff against the defendant in the sum of $98.55, and judgment was entered accordingly for the plaintiff. From that judgment the defendant appeals to this court.

Section 101, O. S. 1931, in part provides:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: * * *

"Third. Within Two Years: An action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated: an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

It is undisputed that the plaintiff discovered the fraud alleged and relied upon in May, 1929, and his action was filed in the justice court on April 2, 1932, nearly three years later. The plaintiff had three remedies for the wrongful and fraudulent cancellation of his policy of insurance. 32 C. J., 1263, sec. 461, p. 1264, which, in part is as follows:

"First, he may elect to treat the policy as still in force and let the test of the validity of the cancellation or repudiation await until the policy is payable and is sued on. Second, he may sue in equity to set aside the cancellation and to have the policy declared to be valid and in force. Third, he may maintain an action at law to recover damages for the wrongful cancellation or repudiation."

The plaintiff could not avail himself of all three remedies; he had to exercise an election. This the plaintiff did and elected to maintain an action for damages.

It is evident, after an examination of the pleadings and the evidence herein, that the plaintiff seeks to recover for the wrongful and fraudulent cancellation of his insurance policy. Therefore, since his action was founded upon this theory and not brought within two years after the fraud was discovered, the lower court committed reversible error, in the face of the pleadings and the evidence, which clearly showed this action to be barred, when it refused to sustain the defendant's demurrer to the plaintiff's evidence and to give the defendant an instructed verdict.

Judgment reversed, with directions to the trial court to proceed not inconsistent with the views herein expressed.

OSBORN, C. J., and RILEY, PHELPS, and HURST, JJ., concur.